IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONZETTA TRUCKING AND | : | No. 4:CV-02-0018 |
| EXCAVATING COMPANY, | : | (Judge Jones) |
| Plaintiff | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| HAZLE TOWNSHIP ZONING BOARD, | : | |
| et al., | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

December 2, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before this Court is a Report and Recommendation by Magistrate Judge

Blewitt recommending that Defendant Thomas Bast's, Hazle Township Zoning

Officer ("Bast"), Motion for Summary Judgment be denied. A single issue in this

case, namely whether Bast is entitled to absolute immunity in his individual

capacity, was remanded to Magistrate Judge Blewitt from the Third Circuit Court

of Appeals. Magistrate Judge Blewitt's Report and Recommendation is devoted to

the disposition of this remanded issue.

Objections to Magistrate Judge Blewitt's Report and Recommendation have

been filed by the parties. (Rec. Docs. 123-125). Therefore, this matter is now ripe

for disposition.

1

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL AND PROCEDURAL BACKGROUND:**

Defendant Bast was the Hazle Township Zoning Officer for all relevant times of this case.  Plaintiff, Lonzetta Trucking and Excavating Company ("Plaintiff" or "Lonzetta"), is the lessee and operator of a quarry in Hazle Township, Pennsylvania.  On December 6, 2000, Bast issued a Notice of Violation to Plaintiff directing Plaintiff to cease and desist all quarrying operations.  It is disputed whether or not Bast was directed by Zoning Board Member Benyo

2

("Benyo") to issue the cease and desist order.  Bast alleges that he was not directed
to issue the order and that he did not consult Benyo prior to its issuance.  However,
Benyo testified that on December 5, 2000, he directed Bast to issue the order.

On January 4, 2002, Plaintiff filed a complaint (doc. 1) in the United States
District Court for the Middle District of Pennsylvania.  Thereafter, this case was
assigned to Magistrate Judge Blewitt on March 20, 2002.  (Rec. Doc. 10).  The
parties filed cross-motions for summary judgment on November 3, 2003 (doc. 43)
and December 5, 2003.  (Rec. Doc. 52).  On March 15, 2004, Magistrate Judge
Blewitt entered a Report and Recommendation (doc. 67) denying Plaintiff's
motion for summary judgment and granting in part and denying in part
Defendants' motion for summary judgement.[1]  (Rec. Doc. 67).  On June 9, 2004,
we adopted the Report and Recommendation in its entirety.  (Rec. Doc. 88).

On June 22, 2004, Defendants filed an appeal of our Order (doc. 88)
adopting the Report and Recommendation.  (Rec. Doc. 92).  On March 31, 2005,
the Third Circuit Court of Appeals remanded to Magistrate Judge Blewitt for
disposition the issue of whether or not the Zoning Board members were entitled to
absolute immunity in their individual capacities.  (Rec. Doc. 97).  Plaintiff

---

[1] Defendants' motion for summary judgment on Plaintiff's procedural due process claim
was granted and judgment was entered in favor of Defendant.  Defendants' motion for summary
judgment on Plaintiff's substantive due process claim was denied.

conceded that the Defendant members of the Zoning Board were performing quasi-judicial function and are therefore entitled to absolute immunity from this action in their individual capacities.  (Rec. Doc. 109, n. 1).

Therefore, the sole issue disposed of by Magistrate Judge Blewitt in his Report and Recommendation was whether Bast was performing quasi-judicial functions and thereby entitled to absolute immunity in his individual capacity. Magistrate Judge Blewitt found that Bast was not performing quasi-judicial functions, and recommended that Defendant Bast's motion for summary judgment requesting absolute judicial immunity in his individual capacity be denied.

## DISCUSSION:

### A.   Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV . .P.  56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial."  Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them.  See Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d

Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true."

Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**B.     Absolute Immunity Standard**

Under the doctrine of judicial immunity, judges are immune from suit for an individual's actions taken in a judicial capacity.  The theory behind judicial immunity allows that "most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." Assoc. In Ob. & Gyn. v. Upper Merion Tp., 270 F. Supp. 2d 633, 661 (quoting Forrester v. White, 484 U.S. 219, 227 (1988)).  Immunity is absolute with respect to claims relating to the exercise of judicial functions, therefore, "a judge is not deprived of immunity if he acted in error or with malicious intent." Stump v. Sparkman, 435

6

U.S. 349, 356 (1978); see also Antoine v. Byers & Anderson, 508 U.S. 429, 433
n.8 (1993).  Thus, judicial officers have absolute immunity against civil suit when
they are performing in a judicial capacity or within their jurisdiction.  See Milres v.
Waco, 502 U.S. 9, 11-12 (1991)(*per curiam*).

The doctrine of judicial immunity has been extended to officials who
perform quasi-judicial functions.  "When judicial immunity is extended to officials
other than judges, is because their judgments are functionally comparable to those
of judges, that is, because they, too, exercise a discretionary judgment as part of
their function."  Schiazza v. Zoning Hearing Board, 168 F. Supp. 2d 361, 374
(M.D. Pa. 2001).  Accordingly, Zoning Officer Bast is immune from claims against
him in his individual capacity if his actions can be characterized as quasi-judicial
in nature.

To determine whether absolute immunity should be extended to an official,
the courts use a functional approach to assess the nature of the function performed,
and not the identity of the actor who performed it.  See Stump, 435 U.S. at 359; see
also Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  The Supreme Court has
identified six characteristics to assist in this inquiry:

(1) the need to assure that the individual can perform his function without
harassment or intimidation;

(2) the presence of safeguards that reduce the need for private damages

actions as a means of controlling unconstitutional conduct;

(3) insulation from political influence;

(4) the importance of precedent;

(5) the adversarial nature of the process; and

(6) the correctability of error on appeal.

See Cleavinger v. Sayner, 476 U.S. 193, 202 (1985); see also Butz v. Economou,

438 U.S. 506, 612 (1978); Lonzetta v. Hazle Twp. Zoning Hearing Board, Appeal

No. 04-2758, slip op.  pp. 10-11, March 31, 2005, 2005 WL 730363 (3d Cir.

2005).

### C.      Review of Zoning Officer Bast's Functions

At the outset we note that we agree with Magistrate Judge Blewitt's

assessment of the six-factor test as it relates to Bast and the subsequent

recommendation of the Magistrate Judge.  However, we shall undertake a brief

analysis of the factors for the sake of completeness.

With respect to the first factor, there is no evidence before this court to

suggest that in order to be free from harassment or intimidation, Bast requires the

cloak of judicial immunity.  Therefore, the first factor does not favor extending

absolute immunity to Bast.

Defendants argue that Bast's action in issuing the cease-and-desist order was taken pursuant to the quasi-judicial order of Zoning Board Member Benyo, thus entitling him to absolute immunity in his individual capacity.  However, if Bast was acting in a quasi-judicial manner, the procedural safeguards of notice, a hearing or court adjudication would have been associated with Bast's conduct.  Because they were not, the second factor does not favor extending absolute immunity to Bast.

Bast was appointed by the Board of Supervisors and was a Township employee, serving at the pleasure of the Board of Supervisors.  (Doc. 113 at 15).  Therefore, he is clearly subject to influence from the Board of Supervisors.  Furthermore, Bast's decision was not made in an adversarial proceeding.  Therefore, both the third and fifth factors do not favor extending absolute immunity to Bast.

Furthermore, we, like Magistrate Judge Blewitt, agree with Plaintiff that Bast is not entitled to absolute immunity because he was not authorized under state law to regulate the quarry.  Regulation of the quarry was not within Hazle Township's authority and, therefore it follows that Bast, an employee of the Township, was not legally empowered to regulate the quarry.  We cannot extend Bast judicial immunity for performing a function that was outside the scope of his

9

authority as Hazle Township's Zoning Officer.  (See Doc. 120 at 11).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Report and Recommendation (doc. 120) issued on September 27,

      2005 by Magistrate Judge Blewitt is adopted in its entirety for the

      reasons cited herein.

2.    Defendant Bast's Motion for Summary Judgment requesting absolute

      judicial immunity in his individual capacity is DENIED.

                                    s/ John E. Jones III
                                    John E. Jones III
                                    United States District Judge